HOLMES, Circuit Judge,
concurring.
I fully join the portion of the principal opinion that resolves Mr. Hall’s appeal (No. 12-3198). I concur in the judgment regarding its resolution of the cross-appeal (No. 12-3200) of Mr. Bettis and his colleagues (“Appellees”). The parties are familiar with the relevant facts; so, I will not pause to recite them here. In my view, the principal problem for Appellees is not that they presented a new damages theory to the district court weeks before trial. I respectfully disagree with the principal opinion’s reading of the record on this point. In particular, as I read the record, from at least as early as the summary-judgment phase of the litigation, Appellees expressly endorsed a theory that later formed the basis for the imbroglio close to the time of trial — the so-called allocation theory. And they presented figures to the district court in the summary-judgment phase predicated on this theory.
These figures are referred to in this litigation as the Bentley Books calculations. Appellees expressly represented to the district court in their briefing at the summary-judgment phase that those calculations were the correct ones, without *823 clearly indicating their view that those calculations were tied to the allocation theory. In its summary-judgment order, however, the district court rejected Appellees’ allocation theory and opted for the so-called aggregation theory. Proceeding on Appel-lees’ general representation that the Bentley Books calculations were the correct ones, the district court ordered Appellees to calculate damages using those figures, but applying the aggregation theory.
Seemingly recognizing that they were stuck with the aggregation theory, about a month before trial, Appellees submitted new, higher damages figures to the district court that reflected a deviation from the Bentley Books calculations that Appellees previously had endorsed. Mr. Hall successfully moved to exclude these new figures. Appellees had responded to his motion, but they had not explained to the district court their apparent rationale for abandoning the Bentley Books calculations. That is, they had not explained that, in their view, those calculations were predicated on the allocation theory and the district court had rejected that theory at the summary-judgment phase. The first time that they offered such an explanation to the district court was in a motion to reconsider the district court’s ruling on Mr. Hall’s motion to exclude; this reconsideration motion was filed a mere two weeks prior to trial.
In my view, even if Appellees were correct in objecting to the district court’s requirement that they employ the Bentley Books calculations under an aggregation theory, this objection came way too late in the game, and through an inappropriate procedural vehicle — a motion to reconsider, see, e.g., In re Motor Fuel Temperature Sales Practices Litig., 707 F.Supp.2d 1145, 1166 (D.Kan.2010) (noting that motions for reconsideration are not appropriate if mov-ant only wants the court “to hear new arguments or supporting facts that could have been presented originally”). To the extent that the district court erred in requiring Appellees to adhere to the Bentley Books calculations under an aggregation theory, as I see it, that error was invited, and thus Appellees’ challenge is waived, see Eateries, Inc. v. J.R. Simplot Co., 346 F.3d 1225, 1229 (10th Cir.2003) (noting that the “invited error doctrine” is an equitable doctrine that “prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was in error” (citations omitted) (internal quotation marks omitted)); see also ClearOne Commc’ns, Inc. v. Bowers, 643 F.3d 735, 771 (10th Cir.2011) (noting that “[t]he invited-error doctrine precludes a party from arguing that the district court erred in adopting a proposition that the party had urged the district court to adopt” (quoting FTC v. Accu-search Inc., 570 F.3d 1187, 1204 (10th Cir. 2009)) (internal quotation marks omitted)). This possible outcome is one that the district court apparently anticipated. See Aplt.App. at 207 (“Now, I understand that plaintiff says the calculations ... are wrong because plaintiff says the examples in the summary judgment order ... are wrong. But I want the record to be clear that if they’re wrong, it’s not because the Court made an error, it’s because that was the record that was provided to the Court.”).
In sum, I fully join the portion of the principal opinion that resolves Mr. Hall’s appeal, but am constrained to only concur in the judgment regarding its resolution of Appellees’ cross-appeal.